United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30398
Conference Calendar

_____

GREGORY BROWN,

                                        Plaintiff-Appellant,

versus

EASTERN LOUISIANA MENTAL HEALTH SYSTEM,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CV-601-A
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gregory Brown, Louisiana prisoner # 103764, proceeding pro se and in forma pauperis (IFP), appeals the dismissal of his civil rights suit under 42 U.S.C. § 1983. The district court dismissed Brown's § 1983 complaint without prejudice finding that it was barred by Heck v. Humphrey, 512 U.S. 477 (1994). The district court further concluded that Brown's complaint could not be construed as a habeas petition because it was not filed in the right district as provided by 28 U.S.C. § 2241(d).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Brown does not challenge the district court's dismissal of his civil rights complaint as barred by Heck. Rather, he argues the merits of his claim that he was unconstitutionally confined in a state mental facility. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to identify any error in the district court's judgment, Brown has abandoned the issue on appeal. Id. at 225.

Brown's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of the instant appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Brown is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.